Mr. Hoffman. Good morning, Your Honors. May it please the Court. This Court, the District Court, and the parties all agree that as a result of the reexamination of the 048 patent, Carpool has the right to assert the reexamined claims against any other infringer. The issue presented here is whether the District Court can extinguish Carpool's right to enforce the reexamined claims against Plastic Jungle without ever evaluating what impact, if any, the Court's previous invalidity opinion has on the reexamined claims. Today, Carpool is not seeking to vacate the opinion in validating the original claims. All we seek is to vacate the dismissal of the matter with prejudice in order to preserve our right to assert the reexamined claims against Plastic Jungle now and in the future, should Plastic Jungle or an acquirer of Plastic Jungle decide to reenter the gift card exchange market. The District Court here abused its discretion by applying the wrong law for at least two reasons. The Plastic Jungle says, Cardpool's voluntary amendments and claim cancellations provided in its application for reexamination of May 30, 2013 were made more than six months before Cardpool stated during the oral argument here that the original claims were valid under Section 101 without any amendments. How do you explain the discrepancy between your request for reexamination after the District Court invalidated the patent under 101 and your representation to this Court in the last panel about the original claims? Well, certainly, it was the belief before with respect to the last panel, where the case was, was that, in fact, it survived 101. Clearly, this Court disagreed. Absolutely disagreed. And during the intervening time, the request for reexamination was filed. The art that was provided by Plastic Jungle was submitted to the patent office. Amendments were made in response to the prior art. Those amendments were actually very significant and certainly took into account issues with respect to 101. What came out of that was a reexamination certificate. Now the patent has, once again, a presumption of validity. And during the time that the case was still pending before this Court, the reexamination certificate issued. And under, under both Baxter, as well as what this panel did previously, was to remand it to the District Court to figure out what to do with the reexamined claims and what effect, if any, that the reexamined claims actually had, or to actually reverse that, which is to look at his previous opinion and to see if that had any effect on the reexamined claims. And what I submit to Your Honor is that the District Court didn't do that. They didn't, the District Court refused, basically, to look at the reexamined claims. Well, it refused because you're arguing a change in circumstances and, of course, you'd vacate its prior order, correct? Well, his prior order was not vacated. The dismissal. Right. And all we're focused on here is the dismissal with prejudice. We're not questioning his previous order. And his previous order applies to the previous claim. But let's go back. Your motion is based on changed circumstances. That is correct. And you caused those circumstances to change. You were the agent of the changed circumstances. That is correct, as well. That is correct, as well. And that, all about where changed circumstances created a mootness with respect to the entire cause of action. And the changed circumstances here actually preserved the cause of action. Is your concern that the dismissal with prejudice, or you're seeking a dismissal without prejudice? Well, our concern is with the dismissal with prejudice. And actually, before the District Court, the parties jointly stipulated to dismiss the case without prejudice because it was a belief of both Cardpool, as well as Plastic Jungle at the time, that we had rights with respect to our new claims, our new reexamined claims. And so it was a stipulation, stipulation to dismiss the case now without prejudice, subject to, obviously, the ability in the future to reassert the new reexamined claims against Plastic Jungle should that issue come up. And what we're trying to do here is be able to preserve that right. And it's an issue from the District Court's perspective, was the District Court looked at it and said, well, it's very interesting, and that was his word. It was interesting what the patent office did, but it can't impact what an Article III judge says. And he specifically says, he actually cites Judge Newman's dissent in Baxter as the basis for what he was doing, and basically said that a District Court's assertion that, quote, a District Court judgment takes precedence over a PTO's examiner's determination. And that's from A43 of his opinion. And so his point seems to be is that I'm not going to accept Baxter. I'm not going to accept what this court actually told the District Court to do. And I'm just going to simply say I've ruled with respect to this patent, and my ruling applied, and the case should be dismissed with prejudice. And all of the cases that- Oh, no. He says the case was dismissed with prejudice. That's correct, Your Honor. And- So it's a different standard at that point. It's setting it aside. That is correct, Your Honor. And once again, under Baxter, even though there was a final judgment, it was on appeal. And this court recognized that there was a mootness with respect to his previous order, which is why instead of having a Rule 36, as I believe, affirmance of what he did, this court vacated what it did and remanded it back to the District Court to figure out what to do with the reexamined claims. If we can simplify, what is your position as to the relationship between a final judgment in the courts and an ensuing contrary reexamination result? Is it that the future viability of the patent? The short answer is yes, Your Honor. Yes, that the agency action here has to be recognized, and I believe that's taught by Baxter. But we're not here making a judgment, actually, with respect to whether or not the District Court got it right or wrong with respect to the 101 issues with respect to the old original claims. We're not here to question that, and we're not here to vacate it. What are you questioning? Just that the cause of action, our entire cause of action, got dismissed with prejudice. And in fact, we have a patent with new reexamined claims that we believe, even if the judge would actually consider them with respect to 101 issues, are going to survive 101. And so in the first instance, we're looking just for the case not to be dismissed with prejudice. And a second step was that the parties had already stipulated down below that due to changed circumstances, not by card pool, but by plastic jungle in terms of what its future is, in terms of its apparent decision now not to engage in the infringing conduct no longer, that the case should be dismissed without prejudice. Was the District Court asked to stay that action so that you could proceed with the reexamination? No, because the reexamination wasn't filed until after the final judgment was entered by the District Court. So we were in the appeals process when the reexamination request was filed. And this court said, we're going to send it back down, and let's see what's going to happen with the reexamination process. Well, this court said, this court, actually the reexamination certificate issued, or the notice of allowance issued between the time this court ruled affirming what the District Court did, and the time when our motion for reconsideration, or panel re-hearing, excuse me, was filed. And in response to our motion for panel re-hearing, the court then said, oh, we got a reexamination certificate now. This basically, under the law, it basically moots the appeal. The appeal is now basically dismissed. And specifically, it says to the District Court, the District Court needs to figure out what should be done with respect to the reexamined claims. And so whether it be this case or in the Parts River case, where it's actually a very similar circumstances, where the Federal Circuit here, the court, actually went through and said to the District Court after reexamination, same deal. The District Court needs to look at the claims. And in Parts River, the District Court actually did look at the claims, and made a determination that the claims were, in fact, very similar. And as a result of that, the summary judgment there, which was, I believe, with respect to Ansel Barr, was one of the reasons why the District Court didn't dismiss the action, or kept the action dismissed with prejudice. And here, all we're asking to do is to be able to preserve our cause of action. And so we're asking to vacate just simply the dismissal with prejudice, because we have reexamined claims, and those claims issued at this court was already recognized prior to a fundamental judgment. Another question. During the examination, was the prior judicial opinion placed in the record? The Patent Office record? Yes, it was, Your Honor. I believe, yes, it was, Your Honor. And what was the response? Do you remember? In reexamination, they don't specifically consider Rule 101. It was focused on the prior art. So it was a different issue? Correct. Okay. And to make that clear, they couldn't, in an ex parte reexam, consider Rule 101. I think that's all. I don't disagree with any of the statements by any of the other counsel. Okay. All right. So we'll save you rebuttal time. All right. Thank you very much, Your Honor. Mr. Bill O'Leary. Thank you. May it please the Court. Cardpool's saying that the District Court didn't look at the claims to see if they substantively differed. Cardpool didn't ask the District Court or show the District Court that the circumstances had actually changed. As we were just talking about at the end there, 101 was not something that could be considered by the Patent Office when it was going through an ex parte reexam. So once the amended claims, there's amended and new claims, and the amended claims are what's at issue because those were the claims that were being asserted against Plastic Jungle before. Those amended claims were never reviewed by any Article III court or the PTO for 101 purposes, even though the prior amended claims, or before they were amended, this court and two members of this panel had found per curiam that these page 20 of their opening brief, where Cardpool says it seeks vacater of the dismissal with prejudice, not the underlying patentability decision. What Cardpool needed to do if it wanted to be able to dismiss this case without prejudice, it needed to rewind both of those. It needed to rewind both the dismissal with prejudice and the unpatentability order. When this court remanded and said, look at what actions, if any, are appropriate, and found, this court found, that Cardpool was the one that changed the circumstances of the case, that put us right squarely within the Dilley versus Gunn case, which is a Ninth Circuit case that says when you change the circumstances, you don't automatically vacate the judgment. What you do is you look at the consequences and attendant hardships of dismissal or refusal to dismiss, and the competing values of judgment. Let me ask you one question. Yes. Is your client out of this line of work? It is. It sold the assets to another company, which sold it to another company, but this goes to the issue that Judge Alsup was worried about. At A107, we showed that they're out there wielding this patent against others, and Judge Alsup said, I'm not rewinding my 101 order unless you show me that these claims are substantively different. I will do it under those circumstances if they are, in fact, but they didn't ask for that. Because they didn't ask for that, they're trying to tiptoe around 101 review by the district court. I think the district court would have been more than willing to review them under 101 had they asked, and the district court was quite clear that says, yes, this is interesting that you amended the claim, but you're not asking me to rewind. You're asking me to rewind the judgment, but not the invalidity finding. It would have been error for the district court to review those claims and find that they were unpatentable if, in fact, they were. They make a big deal of change of circumstances, but they were unwilling to show the district court that the circumstances had truly changed because they're amended claims. Just because you amended them did not make them valid under 101. Because you could add all kinds of superfluous parts. You could add a watermelon to the claim. That doesn't mean that the watermelon makes it patentable under 101. You could add a generic piece to a computer. It doesn't make it valid under 101. It would have been error had the district court, one, been asked to review them substantively. He wasn't asked to because they were very clear. We're not asking for you to rewind your unpatentability order. If he was asked and then he made an improper determination of 101. If he had looked at 101, which he was entitled to do based on that Dilley case, you don't just dismiss automatically based on changed circumstances. The district court looked at the competing values of the finality of that judgment. He even said the public has a right to know after these unamended claims were found invalid under 101 whether these amended claims, which no agency had reviewed under 101, were actually valid. What is the public to do with these claims? I would submit that the reason that Cardpool did not want review of 101 and did not make a substantive showing of why these claims had changed was so that they could go wield this patent against others as they did without ever having 101 reviewed. In any patent that's filed and goes through the process, 101 is a consideration. These amended claims are the only exception to that because they went through the ex parte re-exam process where 101 wasn't and couldn't be considered. They are an anomaly in that regard. These amended claims have never been considered by anyone under 101, be it the patent office or the district court or this court. Without a determination at some point that these amended claims were patentable under 101, it was within the district court's discretion applying the 60B rule in light of this court's finding that Cardpool caused the changed circumstances to look at the equities of whether to dismiss or not. The equities that court found within its discretion clearly tip in favor of entering judgment again, absent a finding or a request to look at the claims. The district court didn't refuse to look at the claims. The Cardpool didn't ask for the invalidity order, which is on the same number of claims, albeit amended, same exact number of claims. They didn't make a showing or ask him to rewind that order. Without that, the district court didn't err, didn't abuse its discretion, and properly shut down Cardpool's attempt to tiptoe around 101 review so it could wield the patent against others. Unless the panel has any questions, we'll submit. No questions? No questions? Okay. Thank you, Your Honor. Thank you. Thank you, Mr. Devane. I'd like to address the statement that I must have heard a number of times that Cardpool actually didn't ask the court to do anything here. And this is A33, and this was the request to vacate supplemental submission of the plaintiff, and it states, in part, but if the court is inclined to decision to the amended re-exam claims in justification of not vacating its dismissal, such a determination must not be done in a cursory manner, but with a full opportunity of the parties to provide briefing and arguments. The same reasoning and approach applies to whether equitable intervening rights should apply. And in fact, attached to that brief, that Exhibit A, which is found on A36 through A39, is in fact the re-examination certificate identifying all of the re-examined claims. And so, if the distinction that counsel has made is that simply that Cardpool didn't request relief here, we certainly did request that relief. But before the judge could even make a substantive determination as to the application of his old order with respect to the new claims, he had to basically reopen the case. And this was the first step. The first step was to reopen the case. And coupled with reopening the case then was also this stipulation amongst the parties at the time, and I still believe that stipulation would still hold at this point, that once the case got reopened, the case would then be voluntarily basically dismissed per stipulation of the parties and be dismissed without prejudice. And ultimately, in terms of what's going on here, it certainly sounds like it's been sold and sold and maybe sold again. And the fear from Plastic Jungle's perspective is we don't want whoever eventually owns Plastic Jungle, I mean, what Cardpool wants is whoever eventually owns Plastic Jungle, that the claims are presumed valid. This particular opinion that the judge issued, and which we're not questioning at all and not asking to vacate, only applies to the claims, the old claims. And those old claims are now extinct. They don't exist anymore. And the question now, ultimately what the court didn't do and didn't follow the direction of this court was whether or not that opinion applies. If they're extinct and they don't exist anymore, can't you file a new cause of action against a new infringer? We can file against any other infringer, absolutely. But the problem here is that if indeed it's here dismissed with prejudice, then we are unable under res judicata to be able to assert infringement of the new claims separately and apart against Plastic Jungle. Res judicata applies to the same claims. You say these are new claims. They are new claims. And I believe under the SendU Pharmaceutical case, that if indeed if there's a second case, and those are based on reexamined claims, and there is a first case based upon the non-reexamined claims, and their final to assert the reexamined claims against the same defendant. Thank you. Thank you both. The case is taken under submission. That concludes the argued schedule for this morning. All rise. The Honorable Court is adjourned until tomorrow morning. It's an o'clock a.m.